'IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2228-FL

| | |
|---|---|
| THOMAS LOWELL KETCHUM, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNNAMED RESPONDENT, UNITED ) <br> STATES OF AMERICA, and SARA ) <br> M. REVELL, ) <br> ) <br> Respondents. ) | ORDER |

Petitioner petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for an initial review pursuant to 28 U.S.C. § 2243. The matter also is before the court on petitioner's motion for an emergency temporary injunction (DE # 3), motion for order to show cause (DE # 5), motion to compel (DE # 6), and motion to amend (DE # 7).

On March 30, 2006, petitioner was indicted, in the United States District Court for the Northern District of Mississippi, on charges of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), possession of stolen credit cards in violation of 18 U.S.C. § 1029(a)(3), and possession of false identification documents in violation of 18 U.S.C. § 1028(a)(6). See United States v. Ketchum, 1:06-CR-51-MPM-DAS (N.D. Miss. Apr. 3, 2006). Petitioner then was committed to the Federal Medical Center in Butner, North Carolina ("FMC-Butner") pursuant to 18 U.S.C. § 4241, to determine whether there was a substantial probability that he would attain competence to stand trial. See id. (Apr. 4, 2012). The Mississippi district court, thereafter,

determined that he was not competent to stand trial and that there was not a substantial probability that he could be restored to competency in the foreseeable future. Id. Additionally, the Federal Bureau of Prisons, pursuant to Sell v. United States, 539 U.S. 166 (2003), determined that there was not a substantial likelihood that forcibly medicating petitioner would restore him to competency. Id. Based upon the foregoing, the Mississippi district court in petitioner's criminal action ordered that he be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246(b) to determine whether he is suffering from a mental disease or defect that would create a substantial risk of harm to others if he were to be released. Id.

The court first addresses petitioner's motion to amend his petition to supplement his allegations and add respondents. The court GRANTS petitioner's motion. See Fed.R.Civ.P 15(a). The court now turns to its initial review of petitioner's petition and amended petition.

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973). Pretrial detainees may file a habeas corpus petition pursuant to § 2241. See 28 U.S.C. § 2241; United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). However, a federal pretrial detainee first must exhaust other available remedies to be eligible for habeas corpus relief under § 2241. See, e.g., United States v. Addonizio, 442 U.S. 178, 184 n.10 (1979); Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987); Kotmair v. United States, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001) ("Principles of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitioners where an appropriate remedy is with

2

the trial court."). Likewise, civilly-committed detainees also must exhaust all available remedies before pursuing relief under § 2241. Timms v. Johns, 627 F.3d 525, 533 (4th Cir. 2010); see, e.g., Avila–Sifuentes v. U.S. Dist. Ct., No. EP–10–CV–33–KC, 2010 WL 456923, at *1 (W.D. Tex. Feb. 2, 2010); Meyers v. United States, No. 3:08CV10, 2008 WL 4265167, at *1 (E.D. Va. Sept. 12, 2008).

In this case, petitioner has not exhausted available remedies, see United States v. Ketchum, 1:06-CR-51-MPM-DAS (N.D. Mo. Apr. 4, 2012), in the trial and appellate courts, and has not alleged any exceptional circumstances sufficient to excuse this failure. In fact, the docket in petitioner's criminal action reflects that a hearing recently was held regarding his commitment proceedings on August 1, 2012. Id. Because petitioner's criminal and civil commitment proceedings are ongoing, the court DISMISSES the petition without prejudice. See Timms, 627 F.3d at 533.

Alternatively, federal law permits civil commitment in accord with procedures both limited in duration and reasonably related to the purpose for which a defendant is confined. See, e.g., 18 U.S.C. § 4241; United States v. Kokoski, No. 94–5700, 1996 WL 181482, at *4 (4th Cir. Apr.17, 1996) (per curiam); United States v. Strong, 489 F.3d 1055, 1063 (9th Cir. 2007) (collecting cases). In particular, § 4246 permits civil commitment in accord with procedures which ensure fairness and accuracy of the commitment process. Perkins v. Bredenberg, No. 5:04-CT-903-H, 2 (E.D.N.C. January 24, 2005), aff'd by, 133 Fed. Appx. 888, 2005 WL 1395129 (4th Cir. June 20, 2005); United States v. Sahhar, 917 F.2d 1197, 1203 (9th Cir. 1990). Section 4246 provides for mandatory periodic review of the commitment decision, as well as hearings to determine whether continued confinement is warranted. See 18 U.S.C. § 4246(e). Because the statutory requirements are in place,

petitioner's involuntary commitment pursuant to § 4246 does not violate due process. See, e.g., Strong, 489 F.3d at 1062–63; United States v. Filippi, 211 F.3d 649, 651–52 (1st Cir. 2000). Accordingly, even if petitioner had exhausted his remedies with the trial court and appellate courts, petitioner could not obtain relief from this court under § 2241 concerning his civil commitment.

In summary, petitioner's motion to amend (DE # 7) is GRANTED. The court, however, DISMISSES petitioner's action without prejudice. Accordingly, his motion for an emergency temporary injunction (DE # 3), motion to compel (DE # 6), and motion for order to show cause (DE # 5) are DENIED as moot. The Clerk also is DIRECTED to send a copy of this order to Chief Judge Michael P. Mills of the United States District Court for the Northern District of Mississippi.

SO ORDERED, this the 21st day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge

4

Case 5:11-hc-02228-FL Document 9 Filed 08/22/12 Page 4 of 4